UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

| | |
|---|---|
| ANDREINA CESARINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROYCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff ANDREINA CESARINO sues the Defendant ROYCE CORPORATION and alleges the following:

### I.   NATURE OF THE ACTION

1.      This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), the Equal Pay Act of 1963 (the "Equal Pay Act"), and the Florida Civil Rights (the "FCRA").

2.      Plaintiff ANDREINA CESARINO ("Plaintiff") alleges that Defendant ROYCE CORPORATION ("Defendant"), unlawfully discriminated against her on the basis of her sex and retaliated against her.

3.      Plaintiff further alleges that Defendant denied Plaintiff equal compensation based on sex.

4.      Plaintiff seeks compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendant's violations of her rights.

### II.   THE PARTIES

5.      Plaintiff worked for Defendant since approximately November 6, 2017, as a Traffic Customer Service Agent.

1

6.      Defendant is a company engaged in the international trading of metals and recycled products. Defendant is headquartered, and operates its principal place of business, at the location of 20900 N.E. 30th Avenue, Suite 102, Aventura, Florida 33180.

7.      At all times relevant herein, Defendant had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII, the Equal Pay Act and the FCRA.

### III.      JURISDICTION AND VENUE

8.      This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

9.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

10.     Venue is proper in, and Defendant is subject to the personal jurisdiction of this Court because Defendant maintains facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or around December 20, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

12.     More than 180 days have passed since Plaintiff filed her charge of discrimination.

13.     Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V.    FACTUAL ALLEGATIONS

14.     Plaintiff is female.

15.     At all times material to this action, Plaintiff was employed by Defendant as a Traffic Customer Service Agent in Defendant's office.

16.     In late 2020, Plaintiff realized that her male co-workers, who engaged in the same or similar work duties as Plaintiff, were being paid substantially more than Plaintiff, even though these male co-workers had the same or less experience than Plaintiff.

17.     Specifically, in late 2020, Defendant paid Plaintiff $42,000 per year while her similarly situated male co-workers, upon information and belief, were making around $50,000 - $55,000 per year.

18.     On or about March of 2021, Plaintiff complained to her supervisor about the pay difference and insisted that she should be getting paid the same amount of salary as her male counterparts.

19.     In response, Defendant offered the Plaintiff a small raise and her salary was increased to $46,000 per year starting on April 1, 2021.

20.     Plaintiff once again complained about not getting her salary to match that of her male counterparts. Management responded that $46,000 per year was the most they would pay Plaintiff.

21.     Later, on or about April 1, 2021, Defendant terminated Plaintiff's employment allegedly because Plaintiff took unauthorized paid time off, even though Plaintiff was entitled to it according to company policy.

22.     After her termination, Defendant offered a severance package to Plaintiff, which she did not accept. The severance offered was a joke and offensive because, upon information and belief, it offered far less than it typically offered similarly situated employees who were terminated.

www.saenzanderson.com

## COUNT I
**Sex-Based Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, *as amended*,**
**42 U.S.C. § 2000e-2(a)**

23.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 22, above.

24.     Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

25.     Defendant discriminated against Plaintiff by treating her different than it treated Plaintiff's male coworkers by, including but not limited to, providing Plaintiff unequal wages, compensation, and unequal offers as severance, because of her sex.

26.     Plaintiff's sex was the determining factor and/or a motivating factor in Defendant's actions.

27.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

28.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

29.     Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

www.saenzanderson.com

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Order reinstatement;

b.  Award lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

c.  Award compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

d.  Award punitive damages in an amount to be determined at trial;

e.  Award interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

f.  Issue an order enjoining Defendants from engaging in the unlawful acts complained of herein;

g.  Award reasonable attorneys' fees and costs of suit; and

h.  Order such other and further relief as this Court deems just and proper.

**COUNT II**
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964,** *as amended*,
**42 U.S.C. § 2000e-3(a)**

30.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 22, above.

31.      Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

32.     Plaintiff made complaints to Defendant's agents and employees opposing Defendant's unlawful, discriminatory employment practices based on sex.

33.     As a result of Plaintiff's complaints, Defendant's agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings; awarding Plaintiff a salary increase that is below that of her similarly situated male co-

workers; reprimands by supervisors; termination; and the offer of a substandard severance package.

34.     Defendant's adverse actions constituted actionable retaliation.

35.     Defendant's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

36.     As a direct, legal and proximate result of Defendant's retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

37.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

38.     Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Order reinstatement;

b.  Award lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

c.  Award compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

d.  Award punitive damages in an amount to be determined at trial;

e.  Award interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

f.  Issue an order enjoining Defendants from engaging in the unlawful acts complained of herein;

g.  Award reasonable attorneys' fees and costs of suit; and

h.  Order such other and further relief as this Court deems just and proper.

## COUNT III
**Sex-Based Pay Discrimination in Violation of**
**Equal Pay Act, 29 U.S.C. § 206(d)(1)**

39.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 22, above.

40.     Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

41.     Defendant has employed Plaintiff and male employees in jobs as Traffic Customer Service Agents, requiring substantially equal skill, effort, and responsibility.

42.     Plaintiff and male employees performed their jobs under similar working conditions.

43.     Plaintiff was paid a lower wage than the male employees doing substantially equal work.

44.     The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

45.     Defendant caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

46.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other

www.saenzanderson.com

compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Order reinstatement;

b.  Award lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

c.  Award compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

d.  Award punitive damages in an amount to be determined at trial;

e.  Award liquidated damages;

f.  Award interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

g.  Issue an order enjoining Defendants from engaging in the unlawful acts complained of herein;

h.  Award reasonable attorneys' fees and costs of suit; and

i.  Order such other and further relief as this Court deems just and proper.

## COUNT IV
### Sex-Based Discrimination in Violation of
### The FCRA

47.     Plaintiff incorporates by reference as if fully set forth herein allegations contained in paragraphs 1 through 22, above.

48.     The FCRA makes it unlawful for an employer to discriminate against an individual in compensation or in terms, conditions or privileges of employment because of sex.

49.      Defendant discriminated against Plaintiff by treating her differently from her male coworkers, including unequal wages, compensation, and severance, because of her sex.

50.     Plaintiff's sex was the determining factor and/or a motivating factor in Defendant's actions.

8

51.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

52.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

53.     Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Order reinstatement;

b.  Award lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

c.  Award compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

d.  Award punitive damages in an amount to be determined at trial;

e.  Award interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

f.  Issue an order enjoining Defendants from engaging in the unlawful acts complained of herein;

g.  Award reasonable attorneys' fees and costs of suit; and

h.  Order such other and further relief as this Court deems just and proper.

## COUNT V
### Retaliation in Violation of the
### FCRA

54.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 22, above.

55.     The FCRA makes it unlawful for an employer to retaliate against an employee for

complaining about sex discrimination.

56.     Plaintiff made complaints to Defendant's agents and employees opposing Defendant's unlawful, discriminatory employment practices based on sex.

57.     Plaintiff's complaints were made reasonably and in good faith.

58.     As a result of Plaintiff's complaints, Defendant's agents and employees took adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings; increasing Plaintiff's salary but only to be below that of her male counterparts; reprimands by supervisors; termination; and offering substandard severance terms.

59.     As a direct, legal and proximate result of Defendant's retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

60.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

61.     Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Order reinstatement;

b.  Award lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial;

c.  Award compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

d.  Award punitive damages in an amount to be determined at trial;

e.  Award interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

f.  Issue an order enjoining Defendants from engaging in the unlawful acts complained of herein;

g.  Award reasonable attorneys' fees and costs of suit; and

h.  Order such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which they have a right to a jury trial.

Dated: January 21, 2022.

Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN:0738158)
E-mail: tblye@saenzanderson.com

R. Martin Saenz, Esq. (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*